UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BRASHARD DELANEY,

          Plaintiff,          Case No. 2:24-cv-194

v.                                     Honorable Ray Kent

UNKNOWN WALTANEN et al.,

          Defendants.
_____/

## **ORDER LIFTING STAY AND FOR SERVICE**

This is a prisoner civil rights action. The Court previously reviewed the complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), to determine whether it was frivolous, malicious, failed to state a claim upon which relief could be granted or sought monetary relief against a defendant that was immune from such relief. The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. The case was not resolved through the early mediation program. Accordingly,

**IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall again commence collection of the filing fee as outlined in the Court's prior order granting Plaintiff leave to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendants Waltanen, Loonsfoot, Cordono, Herbert and Beck[1] in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that each Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so. *See* 42 U.S.C. § 1997e(g)(1). After a Defendant has filed an appearance, the Court will enter a case management order to govern further proceedings in this case.

Dated:    August 6, 2025                                  /s/ Ray Kent
                                                          Ray Kent
                                                          United States Magistrate Judge

---

[1] The Court concluded that Plaintiff had stated an Eighth Amendment claim relating to the use of excessive force on August 30, 2024, against Defendant John Doe #1 and John Doe #2, and an Eighth Amendment claim for denying Plaintiff meals, a shower, and medical care on the same date against John Doe #4. Plaintiff has not provided sufficient identifying information to permit the Court to order service on those Defendants. Although the United States Marshals Service is expected to make a reasonable effort to serve identified Defendants on behalf of plaintiffs proceeding *in forma pauperis*, the Marshals Service is not required to identify the individuals to be served. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . once reasonable steps have been taken to identify for the court the defendants named in the complaint." (emphasis added)). Plaintiff shall provide the Court with sufficient identifying information to permit the United States Marshals Service to serve the remaining Defendants.